IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ORNSTEIN-SCHULER INVESTMENTS LLC, ) | |
| ) | Case No. 1:23-cv-3761-APM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ANSWER TO COMPLAINT**

Defendant Internal Revenue Service (the "IRS" or "Service") responds to Plaintiff's Complaint (Dkt. No. 1) as follows:

In response to the preliminary unnumbered paragraph of the Complaint, the Service admits the allegations in the first sentence. As to the second sentence, the Service denies Plaintiff's allegations that the Service failed to make a timely decision or that it failed to release all responsive and non-exempt records; the Service admits the remaining allegations of the second sentence.

ANSWERS TO NUMBERED PARAGRAPHS OF COMPLAINT

PARTIES

1. The Service admits the allegations in Paragraph 1 that OSI is a Georgia limited liability company. The Service lacks sufficient knowledge or information to admit or deny the truth of the remaining allegations in Paragraph 1.

2. The Service admits the allegations in the first sentence of Paragraph 2. As to the second sentence, the Service lacks knowledge or information sufficient to admit or deny whether

the records the Plaintiffs seek are public records and whether the Service has possession of all the records sought under the FOIA. As to the third sentence, the Service admits that it is responsible for responding to FOIA requests sent to the Service that are seeking IRS records, and denies the remaining allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. The Service admits the allegations of Paragraph 3.

4. The Service admits the allegation of Paragraph 4 that this Court is the proper venue and denies the remaining allegations.

## ALLEGED FACTS

5. The Service admits the allegations of Paragraph 5 that Congress has created tax benefits to incentivize conservation. The Service lacks sufficient knowledge or information to admit or deny the truth of the remaining allegations in Paragraph 5.

6. The Service lacks sufficient knowledge or information to admit or deny the truth of the remaining allegations in Paragraph 6.

7. The Service admits the allegations of Paragraph 7 that Congress has enacted conservation-related tax benefits. The Service admits that the quoted language in Paragraph 7 are partial quotes from the citations cited, and refers the Court to the text for its full context. The Service lacks sufficient knowledge or information to admit or deny the truth of the remaining allegations in Paragraph 7.

8. The Service admits the allegations in Paragraph 8 that the statutory scheme governing tax treatment of conservation easements is set out in 26 U.S.C. § 170(h). The Service admits that the final sentence of Paragraph 8 is a partial quote from *Kissling v. Comm'r of Internal Revenue*, T.C. Memo 2020-153, at *23 (2020). The remaining statements in

Paragraph 8 are either statements of law or Plaintiff's summary of conservation easement law, to which no response is required; to the extent a response is required, the Service denies the remaining allegations of Paragraph 8 and refers the Court to the relevant statutes and regulations on conservation easements.

9. The first sentence of Paragraph 9 is a statement of law to which no response is required; to the extent a response is required, the Service denies the allegations. The Service admits that the partial quotations in the third and fourth sentence come from *Hilborn v. Comm'r*, 85 T.C. 677, 689–90 (1985). The Service lacks sufficient knowledge or information to admit or deny the truth of the remaining allegations.

10. The allegations in Paragraph 10 are statements of law to which no response is required; to the extent a response is required, the Service lacks sufficient knowledge or information to admit or deny the truth of the allegations.

11. The Service lacks sufficient knowledge or information to admit or deny the truth of sentences 1 and 2 of Paragraph 11. The Service admits that the Internal Revenue Manual Part 4, Chapter 48.6.2.4 discusses the discounted cash follow analysis ("DCF") method, and that the quoted portion of the last sentence of Paragraph 11 comes from I.R.M. 48.6.2.4. The Service denies any remaining allegations of Paragraph 11.

12. The Service admits that in 2018, 2020, and 2021, it produced versions of the IRS's "Conservation Easement Audit Technique Guide." The Service refers the Court to the documents referenced in these Guides for the specific language included in them. The Service denies the remaining allegations of Paragraph 12.

13. The Service lacks sufficient knowledge or information to admit or deny the truth of sentences 1 and 2 of Paragraph 13. The third sentence of Paragraph 13 is a statement of

law to which no response is required; to the extent a response is required, the Service denies the sentence as phrased.

14. Paragraph 14 is a statement of law to which no response is required; to the extent a response is required, the Service denies Paragraph 14 as phrased.

15. The Service denies the allegations in the first sentence of Paragraph 15. The Service lacks sufficient knowledge or information to admit or deny the truth of any allegation in the clause before the comma of the second sentence, and admits the allegations after the comma in the second sentence of Paragraph 15.

16. The Service denies the allegations of Paragraph 16.

17. The Service admits the allegations of Paragraph 17 that in *Champions Retreat Gold Founders, LLC v. Comm'r*, T.C. Memo 2022-106, the Tax Court found that the IRS expert appraiser undervalued the fair market value of a conservation easement. The Service admits that quote in the final sentence of Paragraph 17 comes from the *Champions Retreat* case cited. The Service denies the remaining allegations of Paragraph 17.

18. The Service admits the allegations of Paragraph 18 that on December 23, 2016, the IRS issued Notice 2017-10. The Service denies the remaining allegations of Paragraph 18 as phrased and refers the Court to the language of the case, *Green Valley Invs., LLC v. Comm'r*, 159 T.C. **80** (Nov. 9, 2022).

19. The Service denies the allegations of Paragraph 19 and refers the Court to the holding in *Lakepoint Land II, LLC v. Comm'r*, T.C. Memo 2023-111 for the specific legal findings in that case.

20. The Service lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 20.

21. The Service denies that there has been an expanding pattern of inappropriate conduct by IRS employees. The Service lacks sufficient knowledge or information to admit or deny the truth of the remaining allegations of Paragraph 20.

22. The Service lacks sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 22.

23. The Service admits that the quoted language in the first sentence of Paragraph 23 comes from *Buckley v. Valeo*, 424 U.S. 1, 67 (1976). The Service admits that the quoted language in the second sentence of Paragraph 23 comes from *Am. Civil Liberties Union v. U.S. Dep't of Justice*, 655 F.3d 1, 5 (D.C. Cir. 2011). The Service admits that the quotation from the Attorney General Merrick Garland in Paragraph 23 is a paraphrased version of what the Attorney General stated in March 2021. The Service lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23.

24. The Service admits that the quoted language in the of Paragraph 24 comes from the cited cases and statutes. The Service denies any remaining allegations of Paragraph 24.

25. The Service admits that OSI submitted a FOIA request to the IRS on July 5, 2023 seeking certain categories of records. If the allegation is that the IRS received seven documents consisting of seven separate FOIA requests, the IRS denies it. The Service lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25.

26. The Service admits the allegations of Paragraph 26 that OSI's FOIA request dated July 5, 2023, sought copies of specific records as stated in the numbered sub-paragraphs of Paragraph 26, and that a copy of this FOIA request is attached as Exhibit A. The Service denies the remaining allegations of Paragraph 26.

27. The Service lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 27.

28. The first sentence contains a statement of law to which no response is required, to the extent a response is required, the Service denies the allegations. Service admits the allegations in the second sentence of Paragraph 28. The remaining allegations of Paragraph 28 are statements of law to which no response is required; to the extent a response is required, the Service denies the allegations, as they paraphrase the language of 5 U.S.C. § 552.

29. The Service admits the allegations of Paragraph 29 that an IRS employee discussed OSI's FOIA request on July 17, 2023 but denies that it was an "initial response." The Service admits that the IRS stated that items 1-5 would *likely* be denied as the FOIA request sought the records of third parties, and 26 U.S.C. § 6103 may apply to exclude them if no authorization was provided. The Service admits it asked OSI's representative to narrow the scope of the FOIA request. The Service lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30. The Service admits the allegations of Paragraph 30 that on July 19, 2023, OSI's representative responded to the IRS, agreeing to limit the scope of requests 1-5 to reports used in and transcripts of testimony from Tax Court and U.S. District Court cases. The Service admits that the quoted language in the of Paragraph 30 comes from *Cooper v.*

*IRS*, 450 F.Supp. 752 (D.D.C. 1977). The Service admits the allegations in the last two sentences of Paragraph 30. The Service denies the remaining allegations in Paragraph 30, including the allegations and/or statements of law about *Cooper*.

31. The Service admits the allegations of Paragraph 31.

32. The Service admits the allegations of Paragraph 32.

33. The Service admits the allegations of Paragraph 33.

34. The Service admits the allegations of Paragraph 34.

35. The Service admits the first and second sentence of Paragraph 35. The Service admits that the letter did not address whether the modified requests could be seeking information that was outside the scope of 26 U.S.C. § 6103 and that the letter did not address OSI's citation to *Cooper v. IRS*, 450 F.Supp. 752 (D.D.C. 1977). The Service admits the last two sentences of Paragraph 35. The Service denies any remaining allegations.

36. The Service admits the allegations of Paragraph 36.

37. The Service admits the allegations of Paragraph 37.

38. The Service admits the allegations of Paragraph 38 that on November 9, 2023, OSI's representative asked to discuss IRS's request for an extension and to clarify which former IRS Media Relations Office personnel the IRS was seeking to exclude from its search. The Service admits that Counsel for OSI and the IRS spoke on November 14, 2023. The Service admits that on November 15, 2023, OSI agreed to suspend part 7 of the FOIA request as to records from two identified former IRS Media Relations Office personnel. The Service lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38.

39. The Service admits the allegations of Paragraph 39.

40. The Service admits that OSI has constructively exhausted its administrative remedies with respect to the FOIA request at issue in this case, and denies any remaining allegations.

## COUNT I

41. The Service admits the allegations of Paragraph 41 that OSI submitted a request for public records. The Service denies the remaining allegations of Paragraph 41.

42. The Service lacks information and knowledge to admit or deny the allegations of Paragraph 42.

43. The Service denies the allegations the allegation of Paragraph 43.

44. The Service lacks information and knowledge to admit or deny the allegations of Paragraph 44.

## AFFIRMATIVE DEFENSES

### First Defense

*De novo* is the Court's only standard of review in this action.

### Second Defense

Plaintiffs are not entitled to any relief, including declaratory judgment relief, beyond that provided by the FOIA.

### Third Defense

Plaintiffs are only entitled to responsive documents to which no FOIA exemptions apply.

### Fourth Defense

The Service is entitled to withhold from disclosure certain records or portions of records pursuant to 5 U.S.C. § 552(b).

<u>Fifth Defense</u>

Freedom of Information Act requests for records and suits under 5 U.S.C. § 552 are not matters pertaining to tax administration.

<u>Sixth Defense</u>

Plaintiffs are neither eligible nor entitled to an award of attorneys' fees and costs.

WHEREFORE, having responded to Plaintiff's complaint, the Internal Revenue Service prays that this Court dismiss Plaintiff's complaint with prejudice, grant the Service its costs of defense, and grant such other relief as may be deemed just and proper under the circumstances.

Dated: January 5, 2024

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Kieran O. Carter*
KIERAN O. CARTER
Virginia Bar No. 81953
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
(202) 598-7821 (telephone)
(202) 514-6866 (facsimile)
Kieran.O.Carter@usdoj.gov
*Attorney for the Internal Revenue Service*